UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:21-cv-178

| | |
|---|---|
| MORGAN CAMPBELL, *on behalf of herself and all others similarly situated,*<br><br>    Plaintiff,<br><br>v.<br><br>FRANK INSTITUTE FOR HEALTH AND WELLNESS, PLLC, a North Carolina corporation, LAB MANAGEMENT GROUP, LLC d/b/a ANY LAB TEST NOW OF WILMINGTON, a North Carolina corporation, and HARRISON GABRIEL FRANK, M.D., an individual,<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, Morgan Campbell ("Plaintiff"), on behalf of herself and all others similarly situated, by and through undersigned counsel, and files this Complaint as follows:

Plaintiff, Morgan Campbell, on behalf of herself and all others similarly situated, brings this action against Defendants Frank Institute for Health and Wellness, PLLC, Lab Management Group, LLC d/b/a Any Lab Test Now of Wilmington, and Harrison Gabriel Frank, M.D., (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq.*, and for breach of oral or implied contract.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself, individually, and all other similarly situated current and former non-exempt hourly employees of the Defendants, who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b) (the "Collective Action Members") that they are entitled to, (i) unpaid wages including overtime premiums for all hours worked exceeding forty (40) in a workweek; (ii) overtime bonus premiums; and (iii) statutory penalties, including liquidated damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically 29 U.S.C. §§ 207, 216(b).

2. Plaintiff further complains, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and all similarly situated employees of Defendants, who work or worked in the state of North Carolina (the "North Carolina Class") that Defendants violated the NCWHA by failing to pay all wages earned as promised, including vacation time, and that Plaintiffs are entitled to all unpaid wages, plus interest, liquidated damages, costs and fees and penalties as allowed for Defendants' violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et seq.*

3. Plaintiff further complains, individually, that Defendants breached an oral or implied contract by failing to pay all sums promised and that Plaintiff is entitled to damages, costs, and fees.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff is, and at all relevant times was, a resident of Wilmington, North Carolina and worked as a non-exempt hourly employee for Defendants from October 2019 to August 2021 as a medical specialist. A written consent form for Campbell is attached hereto as Exhibit A, pursuant to 29 U.S.C. § 216(b).

5. Defendant Frank Institute for Health and Wellness, PLLC ("Frank Institute") is a North Carolina professional limited liability company and has its principal place of business in Wilmington, North Carolina.

6. Defendant Lab Management Group, LLC d/b/a Any Lab Test Now of Wilmington ("Lab Management") is a North Carolina limited liability company and has its principal place of business in Wilmington, North Carolina.

7. Defendant Harrison Gabriel Frank, M.D. ("Frank") is, and at all relevant times was, a resident of Wilmington, North Carolina.

8. Defendant Frank is an offer of, and owns and operates Frank Institute.

9. Defendant Frank is an offer of, and owns and operates Lab Management.

10. Upon information and belief, Frank allocated compensation to employees, made wage payment decisions, set policies and practices regarding employee pay and made, and continues to make, hiring and firing decisions for Frank Institute.

11. Upon information and belief, Frank allocated compensation to employees, made wage payment decisions, set policies and practices regarding employee pay and made, and continues to make, hiring and firing decisions for Lab Management.

12. Plaintiff is informed and believes, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

13. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos, and/or partners of each of the other

3

Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director, and/or managing agent, principal, and/or employer, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

14. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, the Collective Action Members, and the North Carolina Class to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

15. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiff, the Collective Action Members and the North Carolina Class members.

16. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

17. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Frank made all decisions on a daily basis regarding pay policies and exerted

financial and operative control over Frank Institute, and is therefore individually liable under the FLSA and the NCWHA.

18. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Frank made all decisions on a daily basis regarding pay policies and exerted financial and operative control over Lab Management, and is therefore individually liable under the FLSA and the NCWHA.

19. At all relevant times, Plaintiff and other similarly situated individuals were Defendants' "employees" as that term is defined by the FLSA and the NCWHA.

20. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

21. Defendants employed Plaintiff and employs/employed others in this judicial district, owns and operates a clinic and lab in this judicial district, and is registered to transact business in the State of North Carolina.

22. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

23. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

24. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

26. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27. At all times hereinafter mentioned, Plaintiffs have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

28. At all times hereinafter mentioned, Plaintiff was individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

29. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

30. At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## **ADMINISTRATIVE EXHAUSTION**

31. The foregoing paragraphs are incorporated herein by reference.

32. Plaintiff filed her EEOC charge alleging sex discrimination, harassment, and hostile work environment on behalf of herself and all others similarly situated on September 30, 2021. Upon receiving a Notice of Right to Sue from the EEOC, Plaintiff intends to amend her complaint and to file her Title VII claims on behalf of herself and all others similarly situated.

## STATEMENT OF FACTS

33. The foregoing paragraphs are incorporated herein by reference.

34. Frank is the managing member and owner of Defendant Frank Institute.

35. Frank supervised and directed the work of all Frank Institute employees and had final decision-making authority over employees' terms and conditions of employment, including wage payment.

36. Plaintiff was employed by Defendants as a medical specialist.

37. Defendants employ non-exempt hourly employees with various titles, (for example: medical assistant, medical specialist, clinical secretary, etc.) but who generally all perform the same or similar tasks of a medical specialist.

38. These tasks, generally performed by non-exempt hourly employees include but are not limited to: patient coordinating; responding to phone calls and emails from new patients and scheduling appointments; phlebotomy (e.g., blood draws), IV placement, and injections; supply inventory and ordering; marketing, selling, and ordering supplements; placing orders for medications with the pharmacy; performing tasks geared towards increasing the revenue and income of Frank Institute; and attending networking and marketing events at the direction of Frank or the general manager.

39. Plaintiff performed work for Defendants at an event on October 15, 2019. The event was called "Finding Beauty Inside and Out."

40. Plaintiff was not paid for the work performed on October 15, 2019.

41. From November 4, 2019 to April 9, 2021, Plaintiff was paid an hourly rate plus bonus incentives.

42. During the relevant time period, Plaintiff, other non-exempt hourly employees, and other similarly situated employees were paid bonuses and other incentives based on percentages of sales, clinic income, and the number of new patients. These incentives were referred to as a "bonus."

43. Defendants did not provide an itemized calculation of the bonus payments to Plaintiff or other similarly situated employees.

44. On occasion, Plaintiff found errors in the calculation of the bonus payments.

45. Upon information and belief, Plaintiff and other similarly situated employees were not paid for all bonus incentives that were earned.

46. Throughout her employment, Plaintiff and other similarly situated employees regularly worked hours in excess of 40 hours per week in many individual weeks.

47. However, Plaintiff and other similarly situated employees were not paid overtime based on her/their regular rate of pay.

48. Plaintiff and other similarly situated employees were only paid overtime based on their/her straight-time hourly rate.

49. Bonus payments were not factored into the regular rate of pay for overtime compensation.

50. Plaintiff was a good employee and performed her job well.

51. Throughout her employment, Plaintiff received several raises. Her hourly rate was increased and her bonus percentages were increased.

52. On April 9, 2021, Plaintiff's wages were changed to an annual salary of $45,000 per year plus bonus incentives. However, her job duties did not change.

53. After the changes to her compensation structure, Plaintiff worked hours in excess of 40 hours per week.

54. Under the new salary plan, Plaintiff was not paid any overtime for her hours worked in excess of 40 hours per week.

55. Under the new salary plan, Plaintiff's base salary did not change based on how many hours she worked each week.

56. Plaintiff attended training for acoustic wave therapy in another town. She was not paid for her training time, travel time, or mileage.

57. Plaintiff and other similarly situated employees were not paid for their time spent training off-site, for travel time, or mileage.

58. Plaintiff and other similarly situated employees were required to run errands/perform tasks offsite, etc. which required them to drive to different locations in their personal vehicles.

59. Plaintiff and other similarly situated employees were almost always clocked out for these errands and they were not paid for their time, travel time, or mileage.

60. Plaintiff and other similarly situated employees were required to attend certain networking and marketing events by Defendants, however, they were not paid for all time spent at these events.

61. As part of Plaintiff's compensation and benefits package, Defendant agreed to pay for certain educational expenses, including but not limited to her nursing school tuition.

62. Defendants did, in fact, pay multiple installments of Plaintiff's nursing school tuition prior to August 23, 2021.

63. On August 23, 2021, Defendants provided Plaintiff and other similarly situated employees letters that purported to significantly alter their compensation structure, to the detriment of Plaintiffs.

64. Plaintiff and other similarly situated employees' pay was reduced and bonuses were removed.

65. The same August 23, 2021 letter indicated that Defendants were no longer paying for Plaintiff's nursing school tuition.

66. Plaintiff and other similarly situated employees did not agree to the changes to their compensation.

67. As a result of their changes to her compensation, other wage payment violations, and the harassment and discrimination subject of Plaintiff's EEOC Charge referenced herein above, Plaintiff resigned her employment on August 24, 2021.

68. Through Defendants' policies, Plaintiff had accrued but unused vacation time available to her at the time of her resignation.

69. The balance of Plaintiff's vacation was not paid to her in her final paycheck.

70. Upon information and belief, Defendants maintained a pattern and practice of not paying out full vacation accrual balances under its policy upon the separation of its employees.

71. Plaintiff contacted Frank in an attempt to receive full payment of her vacation accrual, but Defendants refused.

**DEFENDANTS' KNOWLEDGE**

72. The foregoing allegations are incorporated herein by reference.

73. At all relevant times, Defendants knew that their non-exempt hourly employees were not being paid proper overtime, thereby willfully violating federal and North Carolina wage and hour laws.

74. At all relevant times, Defendants knew that their non-exempt hourly employees routinely worked in excess of forty (40) hours per individual work week. Nonetheless, Defendants knowingly and willfully failed to pay Plaintiff and their similarly situated employees overtime wages for all hours worked in excess of forty (40) hours during individual work weeks, as required by federal and North Carolina wage and hour laws.

75. Defendants benefitted from their unlawful failure to pay Plaintiff and other similarly situated employees minimum wages and overtime pay to which they were entitled, because Defendants reaped more profit from the deceptive scheme.

76. Plaintiff and other similarly situated employees were all subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of minimum wages and overtime pay. As a result of Defendants' knowing and willful failure to pay Plaintiffs and other similarly situated employees in accordance with the requirements of federal and North Carolina wage and hour law, Plaintiff and other similarly situated employees suffered lost wages and other damages.

## COLLECTIVE ACTION ALLEGATIONS

77. The foregoing allegations are incorporated herein by reference.

78. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

79. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring their First and Second Causes of action, FLSA claims, on behalf of themselves, individually, and all others similarly situated employees who work or have worked for Defendants who elect to opt-in to this action ("Opt-in Plaintiffs).

80. The FLSA § 216(b) collective action class is properly defined as:

   a. **All current and former non-exempt employees of Defendants who work or have worked for Defendants anytime during the three-year period preceding the filing of the Complaint in this action.**

81. Consistent with Defendants' policy and pattern or practice, Plaintiff has not been paid minimum wage for all hours worked and Plaintiff and Opt-in Plaintiffs have not been paid premium overtime compensation for all hours worked beyond a forty (40) hour workweek.

82. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all the work that Plaintiffs and Opt-in Plaintiffs have performed.

83. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and Opt-in Plaintiffs. This policy and pattern and practice includes, but is not limited to:

   a. willfully failing to pay its non-exempt hourly employees, including Plaintiff and Opt-In Plaintiffs, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of forty (40) hours per workweek; and

   b. willfully failing to pay and record all of the time that its non-exempt hourly employees, including Plaintiff and Opt-In Plaintiffs, have worked for the benefit of Defendants.

84. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and Opt-in Plaintiffs minimum wages for all hours worked and overtime premiums for all hours worked in excess of forty (40) per workweek.

85. Plaintiff and Opt-in Plaintiffs perform or performed the same basic job duties, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

86. Defendants' policy and practice of paying sub-minimum wages as described above was applicable to and affected all of Defendants' non-exempt hourly employees.

87. Defendants' policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) in a workweek as described above was applicable to and affected all of Defendants' non-exempt hourly employees.

88. Defendants' unlawful conduct has been widespread, repeated, and consistent.

89. There are many similarly situated current and former hourly employees of Defendants who have been denied minimum wages and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

90. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

91. Plaintiff requests that she be permitted to serve as representatives of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

# CLASS ACTION ALLEGATIONS

**NCWHA Class**

92. The foregoing allegations are incorporated herein by reference.

93. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

94. Plaintiff proposes the same class ("NCWHA Class") for purposes of certification under Rule 23 as under § 216(b) of the FLSA, with the exception that the class period for this state law cause of action is two years from the date of the filing of this Complaint. The proposed NCWHA Class is easily ascertainable. The number and identity of NCWHA Class members are determinable from Defendants' payroll records or records over which they have control, as are the hours assigned and worked, the positions held, and the rates of pay for each class member.

95. The proposed NCWHA Class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members in the NCWHA Class is unknown to Plaintiffs at this time, upon information and belief, the class is comprised of approximately 10-20 persons.

96. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed NCWHA Class in that Plaintiff and all members of the proposed class have been harmed by Defendants' failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

    a. whether Defendants refused to pay Plaintiff and members of the proposed class promised and earned regular wages and overtime wages for all hours worked on

14
Case 7:21-cv-00178-M   Document 1   Filed 10/19/21   Page 14 of 20

their regular pay day in violation of NCWHA §§ 95-25.6, 95-25.7 and 95-25.13; and

b. whether Defendants' refusal to pay such compensation is in violation of NCWHA.

97. The claims of Plaintiff are typical of those claims that could be alleged by any NCWHA Class member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All NCWHA Class members were subject to the same compensation practices of Defendants; i.e. refusing to timely pay promised and earned wages. The compensation policies and practices of Defendants affected all class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed NCWHA Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

98. Plaintiff is able to fairly and adequately protect the interests of all members of the NCWHA Class, and there are no known conflicts of interest between Plaintiff and members of the proposed NCWHA Class. Plaintiff has retained counsel who is experienced and competent in both wage and hour and complex class action litigation.

99. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all NCWHA Class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual NCHWA Class members are modest, the expenses and burden of individual litigation would make it extremely

difficult or impossible for the individual NCWHA Class members to redress the wrongs done to them. Important public interests will be served by addressing the matter as a class action.

100. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed NCWHA class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

**(Violation of Fair Labor Standards Act – Minimum Wages Collective Action)**

101. The foregoing allegations are incorporated herein by reference.

102. Count I arises from Defendants' violation of the FLSA, for its failure to pay all minimum wages earned by Plaintiffs and other similarly situated employees.

103. Defendants violated the FLSA by paying Plaintiff and other similarly situated employees for all time worked, travel time, and bonuses.

104. Defendants violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated employees.

105. Defendants knew or acted in reckless disregard that its compensation practices violated the FLSA.

106. Defendants' violation of the FLSA was willful.

## COUNT II

### (Violation of Fair Labor Standards Act – Overtime Collective Action)

107. The foregoing allegations are incorporated herein by reference.

108. Count II arises from Defendants' violation of the FLSA, for its failure to pay all overtime wages earned by Plaintiffs and other similarly situated employees.

109. Defendants violated the FLSA by failing to pay Plaintiffs and other similarly situated employees one and one-half times their lawfully calculated regular rate of pay for all hours worked in excess of forty (40) in one or more individual workweeks.

110. Defendants violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated employees.

111. Defendants knew or acted in reckless disregard that its compensation practices violated the FLSA.

112. Defendants' violation of the FLSA was willful.

## COUNT III

### (Violation of North Carolina Wage and Hour Act)

113. The foregoing allegations are incorporated herein by reference.

114. Count III arises from Defendants' policy and practice of suffering or permitting Plaintiff and other similarly situated hourly employees to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13.

115. Defendants violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiffs and similarly situated hourly employees all promised and earned wages and overtime payments on the employees' regular payday for all hours worked.

116. Defendants further violated N.C. Gen. Stat. §§ 95-25.12 by failing to pay Plaintiffs their accrued but unused vacation time on the next regular payday following their separation of employment.

117. Defendants' violation of the NCWHA was willful.

## COUNT IV

### (Breach of Oral or Implied Contract)

118. The foregoing allegations are incorporated herein by reference.

119. This Count IV is asserted on behalf of Plaintiff Campbell individually.

120. By the words and actions of Defendants, Defendants and Plaintiff entered into an express oral contract and/or an implied contract, that Defendants would pay Plaintiff the full amount of her educational expenses, including but not limited to Plaintiff's nursing school tuition. These words and actions included the promise by Defendants to pay the educational expenses and the actual payment of such educational expenses.

121. Defendants breached the oral agreements by failing to pay the educational expenses as agreed.

122. The breach of the oral agreement was communicated to Plaintiff by Defendants in writing on August 23, 2021.

123. As a direct and proximate result of the breach, Plaintiff has been harmed in an amount to be proved at trial.

WHEREFORE, Plaintiff and all employees similarly situated who join this action demand and pray for:

a) This Court to Order the Defendants to file with this Court and furnish to counsel for Plaintiff a list of all names, telephone numbers, home addresses and email

addresses of all non-exempt hourly employees who have worked for Defendant within the last three years;

b) This Court to authorize Plaintiffs' counsel to issue notice at the earliest possible time to all non-exempt employees who have worked for Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

d) An Order certifying this action as a class action under the NCWHA and designating the above Plaintiff as class representative on behalf of all those similarly situated non-exempt hourly employees;

e) An Order pursuant to the NCWHA finding Defendants liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiffs and the class;

f) An Order finding Defendants liable for breach of contract;

g) An Order awarding the costs of this action;

h) An Order awarding reasonable attorneys' fees;

i) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

j) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

k) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB # 26590
Nicole K. Haynes, NCSB # 47793
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
Tel: (704) 234-7442
Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com
Email: nicole@mgessnerlaw.com

*Attorneys for Plaintiff and Putative Class Members*